**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-10188
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT WAYNE MONTGOMERY

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-32-ALL-C
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Robert Wayne Montgomery.
United States v. Montgomery, No. 04-10188 (5th Cir. Dec. 16,
2004). The Supreme Court vacated and remanded for further
consideration in light of United States v. Booker, 125 S. Ct. 738
(2005). See Montgomery v. United States, 125 S. Ct. 1948 (2005).
We requested and received supplemental letter briefs addressing
the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Montgomery argues that his sentence must be vacated and the case remanded under <u>Booker</u> because the facts on which the district court relied to enhance his sentence were not charged in the indictment, admitted by him, or proven by the Government beyond a reasonable doubt. Montgomery's contention that review is de novo because he preserved the <u>Booker</u> error lacks merit. <u>See</u> <u>United States v. Ocana</u>, 204 F.3d 585, 589 (5th Cir. 2000). Montgomery fails to meet his burden of showing that the district court's sentence under guidelines it deemed mandatory affected his substantial rights such that his sentence amounts to plain error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005)(No. 04-9517).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Montgomery's conviction and sentence.

AFFIRMED.